ORDERED.

Dated:  **March 31, 2020**

Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          8:18-bk-04116-MGW
                                                                    Chapter 7
Jeffery Alan Bessey and
Leslie Marlene Bessey,

　　　　Debtors.
_____/

## MEMORANDUM OPINION AND ORDER
## SUSTAINING OBJECTION TO CLAIM NO. 22

Nine months after the claims bar date passed, the Debtors filed a $9,432

unsecured, nonpriority claim on behalf of the IRS. All but $966 of the claim was for

941 taxes owed by a company the Besseys own. Although the Court concludes the

Besseys, as responsible persons, are liable for the 941 taxes even though they haven't

been assessed against the Debtors yet, the IRS is not entitled to a distribution in this

case because tardy debtor-filed claims are not entitled to distribution under

Bankruptcy Code § 726.

## I.    BACKGROUND

The Debtors owned and operated Macale Builders.[1] In 2007, Macale Builders fell behind on what are sometimes referred to as "941 taxes," which derive their name from IRS Form 941.[2] Form 941 is used to report taxes withheld from employees' paychecks and to pay the employer's share of social security and Medicare taxes on a quarterly basis.[3] As of December 31, 2017, Macale Builders owed $3,040.56 for the second quarter of 2017 and $5,425.44 for the fourth quarter of 2017.[4]

On May 18, 2018, the Debtors filed for chapter 7 bankruptcy.[5] The claims bar date was September 21, 2018.[6] On July 2, 2019, more than nine months after the claims bar date had passed, the Debtors filed a $9,432 unsecured claim on behalf of the IRS.[7]

---

[1] *Voluntary Petition* at 2, Doc. No. 1.

[2] Claim No. 21-2, Part 2.

[3] https://www.irs.gov/forms-pubs/about-form-941.

[4] *Id.*

[5] *Voluntary Petition*, Doc. No. 1.

[6] Doc. No. 11. Originally, this was a no-asset case, which meant there was no claims bar date. But one month into the case, the Trustee discovered assets. So the Court set September 21, 2018 as the claims bar date. Doc. No. 11.

[7] Claim No. 21-1; *Notice of Claim Filed by Debtor*, Doc. No. 137. The Debtors later amended their claim to include supporting documentation. Claim No. 21-2; *Notice of Claim Filed by Debtor*, Doc. No. 142.

Attached as an exhibit to the proof of claim was the Debtors' 2018 individual tax return, which showed $966 in unpaid taxes for the 2018 tax year.[8] Also attached to the proof of claim was a payment coupon the IRS sent to Macale Builders under the parties' installment agreement.[9] The payment coupon showed that, as of April 25, 2019, Macale Builders owed $8,466 for unpaid 941 taxes.[10]

Jason and Cindy McConnell, who hold a $24,926 unsecured claim in this case, objected to the claim the Debtors filed on behalf of the IRS for three reasons: First, the McConnells point out that the proof of claim was untimely. Second, the McConnells contend that the $966 in individual tax liability is for postpetition taxes and therefore not entitled to a distribution. Third, the McConnells contend that the Debtors have no individual liability for the 941 tax liability.[11] The McConnells moved for summary judgment on their claim objection and asked the Court to sustain their objection to the claim filed on the IRS's behalf as a matter of law.[12]

## II.   CONCLUSIONS OF LAW

Let's start with the $966 for the Debtors' 2018 tax liability. This is an easy call. Distribution in a chapter 7 case is governed by Bankruptcy Code § 726. Under §

---

[8] Claim No. 21-2, Part 3.

[9] Claim No. 21-2, Part 2.

[10] *Id.*

[11] *Amended Objection to Claim No. 21*, Doc. No. 149; *Motion for Summary Judgment on Amended Objection to Claim No. 21 of Internal Revenue Service*, Doc. No. 155.

[12] *Motion for Summary Judgment on Amended Objection to Claim No. 21 of Internal Revenue Service*, Doc. No. 155.

726(a), the first class of claims entitled to distribution is priority claims under Bankruptcy Code § 507.[13] Section 507(a)(8) provides for payment of income taxes for the tax year ending before the petition date.[14]

Here, the $966 in unpaid income taxes is for taxes for the year ending December 31, 2018.[15] This case was filed in May 2018.[16] Therefore, the $966 is not for the tax year ending before the petition date. It is, at least in part, for postpetition taxes. Even the IRS's manual acknowledges that "post-petition income tax liability incurred by an individual debtor in a chapter 7 proceeding cannot be claimed in the bankruptcy case."[17] So the claim should be disallowed to the extent of the $966 for unpaid 2018 income taxes.

Now let's turn to the more difficult question: Does the IRS have an allowed claim for the 941 tax liability? According to the McConnells, the Debtors do not have any personal liability for the 941 taxes. That liability, according to the McConnells, belongs solely to Macale Builders. Not so.

---

[13] 11 U.S.C. § 726(a)(1).

[14] 11 U.S.C. § 507(a)(8)(A).

[15] Claim No. 21-2, Part 3.

[16] *Voluntary Petition*, Doc. No. 1.

[17] *See* Internal Revenue Manual, Part 5, Collecting Process, § 5.9.6.13(1), *available at* https://www.irs.gov/irm/part5/irm_05-009-006r#idm140053345987040.

This very issue was addressed by Judge William Altenberger eight years ago in *In re Nelson.*[18] There, the debtors owned and operated a car wash.[19] When the debtors filed for chapter 7 bankruptcy, they scheduled a $3,347.34 debt for 941 tax liability owed by the car wash.[20] The IRS filed a proof of claim in the case for unpaid income taxes—but not for 941 tax liability.[21] So the debtors filed a proof of claim for the 941 tax liability on the IRS's behalf.[22]

The chapter 7 trustee in *Nelson* objected, arguing the claim should be disallowed because (among other reasons) the debtors were not liable for the 941 taxes.[23] Aside from the fact that the proof of claim did not establish the debt was for 941 taxes, the trustee argued that there was no evidence that the IRS had assessed any liability against the debtors or would be assessing any liability against them in the future.[24]

In overruling the trustee's objection, Judge Altenberger began by observing that Internal Revenue Code § 6672 imposes liability against "responsible persons" for unpaid 941 taxes:

---

[18] 2012 WL 2415553, at *8 – 9 (Bankr. N.D. Ill. June 26, 2012).

[19] *Id.* at *1.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at *2.

[24] *Id.* at *8.

> Any person required to collect, truthfully account for, and
> pay over any tax imposed by this title who willfully fails to
> collect such tax, or truthfully account for and pay over
> such tax . . . shall, in addition to other penalties provided
> by law, be liable to a penalty equal to the total amount of
> the tax evaded, or not collected, or not accounted for and
> paid over.[25]

It was true, Judge Altenberger noted, that the IRS had not yet assessed 941 taxes against the debtors individually, but there was no dispute that the debtors owned the car wash. Both debtors, therefore, were "responsible persons" for purposes of Internal Revenue Code § 6672 and, as such, would be liable for the 941 taxes.[26]

This Court agrees with Judge Altenberger's analysis. It may be, as the McConnells contend, that the IRS could collect the 941 taxes from Macale Builders. But, putting aside the fact that Macale Builders is in its own chapter 7 case, there is no need for the IRS to look to Macale Builders first: The IRS need not attempt to collect from Macale Builders before it can recover from the Debtors under Internal Revenue Code § 6672.[27] Thus, the Court concludes that the Debtors, like the debtors in *Nelson*, are liable for the 941 taxes.

---

[25] *Id.* (quoting 26 U.S.C. § 6672(a)).

[26] *Id.* at *8 – 9.

[27] *Calderone v. U.S.*, 799 F.2d 254, 257 – 58 (6th Cir. 1986); *Datlof v. United States*, 370 F.2d 655, 656 (3d Cir. 1966) ("The Service need not have attempted to collect from the employer before assessing a responsible person under § 6672.") (citing *Cash v. Campbell*, 346 F.2d 670, 673 (5th Cir. 1965)); *U.S. v. Alexander*, 1993 WL 720674, at *1 (N.D. Ohio Dec. 27, 1993) ("The IRS need not attempt to collect from an employer before assessing a penalty against a responsible person under section 6672.").

But, unlike in *Nelson*, the IRS is not entitled to a distribution in this case.

Section 726, which governs distribution in chapter 7 cases, provides only four

instances in which tardy claims are entitled to distribution:

§ 726(a)(1): priority claims filed on or before the earlier of (a) ten days after the trustee mails a summary of his or her final report to creditors or (b) the date on which the trustee commences final distribution;

§ 726(a)(2): tardy unsecured claims when the creditor did not have notice or actual knowledge of the case in time to timely file a proof of claim, and the late-filed claim is filed in time for it to be paid;

§726(a)(3): unsecured claims other than those where the creditor did not have notice or actual knowledge of the case; and

§ 726(a)(4): any claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the order for relief or the appointment of a trustee to the extent the fine, penalty, forfeiture, or damages are not compensation for an actual or pecuniary loss.

Only one of those instances—§ 726(a)(3)—arguably applies here.

The proof of claim here, unlike the one in *Nelson*, was not filed as a priority

claim.[28] There is no allegation that the IRS did not have notice or actual knowledge

of this case. And, while liability under Internal Revenue Code § 6672 is described as

a penalty, at least one court has explained that § 6672 penalties compensate the

---

[28] Claim Nos. 21-1, 21-2 & 21-3.

government for pecuniary losses.[29] Thus, the IRS would be entitled to a distribution on the tardy debtor-filed claim only if the claim falls within § 726(a)(3).

At first glance, it would appear that's the case. After all, § 726(a)(3) encompasses tardy unsecured claims where the creditor had notice or actual knowledge of the bankruptcy case. Here, the proof of claim was filed as an unsecured claim. And, as mentioned above, there's no suggestion the IRS did not have notice or actual knowledge of this case. But there's a bit of an "easter egg" in § 726(a)(3).[30]

Under section 726(a)(3), distribution is only permitted on an "allowed unsecured claim proof of which is tardily filed under *section 501(a) of this title*."[31] Section 501(a) authorizes creditors to file proofs of claims.[32] Claims filed by debtors are filed under § 501(c)—not § 501(a).[33] Read literally, then, § 726(a)(3) only permits distribution on tardy claims filed by creditors—not debtors.

It appears Congress' use of "section 501(a)" in § 726(a)(3) was intentional. Just two subsections earlier, in § 726(a)(1), Congress referred to claims filed under

---

[29] *In re Dalip*, 194 B.R. 597, 603 (N.D. Ill. 1996).

[30] The term "easter egg" commonly refers to a hidden message in a video game, movie, etc. *http://www.dictionary.com/browse/easter-egg?s=t.*

[31] 11 U.S.C. § 726(a)(3) (emphasis added).

[32] 11 U.S.C. § 501(a) ("A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.").

[33] 11 U.S.C. § 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.").

"section 501," with no reference to any subsection.[34] And, in § 726(a)(2), Congress referred to tardy claims filed under "section 501(b) or 501(c)."[35] Indeed, it appears most courts have reached the same conclusion: tardy debtor-filed claims do not share in distributions.[36]

## III.   CONCLUSION

Like most courts, this Court agrees that tardy debtor-filed claims do not share in distributions. Because the late-filed proof of claim filed in this case was filed by the Debtors on the IRS's behalf, the IRS is not entitled to distribution. Accordingly, it is

**ORDERED**:

1.      The McConnells' motion for summary judgment is GRANTED.

2.      The McConnells' objection to Claim No. 21 is SUSTAINED. Claim No. 21 shall be DISALLOWED in its entirety.

---

Attorney Kelly M. Petry is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry.

---

[34] 11 U.S.C. § 726(a)(1) (providing that distribution shall first be made "in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section of 501 of this title or tardily filed" within a specified time period).

[35] 11 U.S.C. § 726(a)(2)(B) (providing that distribution shall be made second to unsecured claims (other than those specified in § 726(a)(1), (3), or (4)) in payment of allowed unsecured claims "timely filed under section 501(b) or 501(c)").

[36] *In re Martin*, 2011 WL 1102758, at *1 (Bankr. D. Idaho Mar. 24, 2011).

**Kelly M. Petry, Esq.**
**Kelly M. Petry, P.A.**
*Counsel for Jason & Cindy McConnell*

**Christopher A Tancredo, Esq.**
**The Tancredo Law Firm P.A.**
*Counsel for Debtors*